**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000351**
**20-MAY-2019**
**09:29 AM**

NO. CAAP-16-0000351

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOHN DOE, Appellant-Appellant, v.
ATTORNEY GENERAL, CLARE E. CONNORS,[1] Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-2158)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

In this secondary appeal, Appellant-Appellant John Doe
(Doe) appeals, *pro se*, from the April 7, 2016 Final Judgment
entered on the April 6, 2016 Order Dismissing Notice of Appeal to
Circuit Court by the Circuit Court of the First Circuit (Circuit
Court)[2] from the October 15, 2015 Department of the Attorney
General (AG) declaratory ruling. In this appeal, Doe contends
that the Circuit Court erred when it ruled that the AG did not
violate the law in issuing its determination that Doe was
required to register as a sex offender under Hawaii Revised
Statutes (HRS) § 846E-1 (2014) based on his conviction in the
State of Washington.

After a careful review of the record on appeal and the
relevant legal authorities, and giving due consideration to the

---

[1] Pursuant to Hawai'i Rules of Appellate Procedure (HRAP)
Rule 43(c)(1), Clare E. Connors, the current Attorney General of the State of
Hawai'i is automatically substituted as Appellee-Appellee herein in place of
Douglas S. Chin.

[2] The Honorable Rhonda A. Nishimura presided.

issues raised and the arguments made by the parties, we resolve Doe's appeal as follows and affirm.

## I.   Background.[3]

Doe pleaded guilty to two counts of "Communicating with a Minor for Immoral Purposes" in violation of Revised Code of Washington (RCW) § 9.68A.090(1) (2006).[4]  In addition to his sentence, the Superior Court of Washington for King County ordered Doe to register as a sex offender.[5]

In anticipation of a Hawaiian vacation, Doe petitioned the AG for a determination of whether, on the basis of his Washington conviction, he would be required to register as a sex offender in Hawai'i.  The AG determined that Doe's conviction "consisted of 'criminal sexual conduct toward a minor' and/or 'solicitation of a minor who is less than fourteen years old to engage in sexual conduct[,]'" as defined under HRS § 846E-1, thus requiring registration if he vacationed in Hawai'i for more than ten days consecutively or thirty days per year in the aggregate under HRS § 846E-2(a).

The Circuit Court ruled that, "[c]omparing the definition of 'sexual offense' under chapter 846E, [HRS], with [RCW] § 9.68A.090, the Court cannot say that there was an error of law by [the AG] or that [the AG] violated the law in interpreting and comparing the two states' statutes".  On April 25, 2016, Doe filed his timely appeal to this court.

---

[3]   A comprehensive statement of the prior history of this case can be found in Doe v. Attorney Gen., 135 Hawai'i 390, 351 P.3d 1156 (2015).

[4]   RCW § 9.68A.090(1) provides, in relevant part, "Except as provided in subsection (2) of this section, a person who communicates with a minor for immoral purposes, or a person who communicates with someone the person believes to be a minor for immoral purposes, is guilty of a gross misdemeanor."  A gross misdemeanor carries a penalty of up to 354 days in prison and up to $5,000 fine, or both.  RCW § 9.92.020.

[5]   See RCW § 9A.44.130(1)(a) (2011) ("Any adult . . . residing . . . in this state who has been found to have committed or has been convicted of any sex offense . . . shall register with the county sheriff[.]"  A "Sex offense is defined as, inter alia, "[a]ny violation under RCW 9.68A.090 (communication with a minor for immoral purposes)[.]"  RCW § 9A.44.128(10) (2011).

## II. Discussion.

Review of a decision made by the circuit court upon its review of an agency's decision is a secondary appeal. Chock v. Bitterman, 5 Haw. App. 59, 63, 678 P.2d 576, 580, cert. denied, 67 Haw. 685, 744 P.2d 781 (1984). The standard of review is one in which [the appellate] court

> must determine whether the [circuit] court was right or wrong in its decision, applying the standards set forth in HRS § 91-14(g) to the agency's decision. [This court's] review is further qualified by the principle that the [agency's] decision carries a presumption of validity and [a]ppellant has the heavy burden of making a convincing showing that the decision is invalid because it is unjust and unreasonable in its consequences.

Id. at 64, 678 P.2d at 580 (citations and footnote omitted).

HRS § 91-14(g) provides:

> (g)   Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> > (1)   In violation of constitutional or statutory provisions; or
> >
> > (2)   In excess of the statutory authority or jurisdiction of the agency; or
> >
> > (3)   Made upon unlawful procedure; or
> >
> > (4)   Affected by other error of law; or
> >
> > (5)   Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> >
> > (6)   Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

HRS § 91-14(g) (1985).

Under HRS § 91-14(g), conclusions of law are [freely] reviewable under subsections (1), (2), and (4)[.] . . . Amfac, Inc. v. Waikiki Beachcomber Investment Co., 74 Haw. 85, [119,] 839 P.2d 10, 28, recon. denied, 74 Haw. 650, 843 P.2d 144 (1992).

Sussel v. Civil Serv. Comm'n, 74 Haw. 599, 608-10, 851 P.2d 311, 316-17 (1993) (some citations omitted).

Under HRS Chapter 846E, "Registration of Sex Offenders and Other Covered Offenders and Public Access to Registration Information" (Registration Statute), a "covered offender" is required to register as a sex offender with the AG. HRS § 846E-2.[6] Under the definitions contained in HRS § 846E-1, "Covered offender" is, *iter alia*, a "sex offender" as defined therein.

"Sex offender" means:

(1)     A person who is or has been convicted at any time, whether before or after May 9, 2005, of a "sexual offense"[.]

. . . .

"Sexual offense" means an offense that is:

(1)     Set forth in section 707-730(1), 707-731(1), 707-732(1), 707-733(1)(a), 707-733.6, 712-1202(1), or 712-1203(1), but excludes conduct that is criminal only because of the age of the victim, as provided in section 707-730(1)(b), or section 707-732(1)(b) if the perpetrator is under the age of eighteen;

(2)     An act defined in section 707-720 if the charging document for the offense for which there has been a conviction alleged intent to subject the victim to a sexual offense;

(3)     **An act that consists of:**

   (A)     **Criminal sexual conduct toward a minor, including but not limited to an offense set forth in section 707-759;**

   (B)     **Solicitation[7] of a minor who is less than**

_____

[6]     HRS § 846E-2(a) (2014) provides,

(a) A covered offender shall register with the attorney general and comply with the provisions of this chapter for life or for a shorter period of time as provided in this chapter. *Registration under this subsection is required whenever the covered offender, whether or not a resident of this State, remains in this State for more than ten days or for an aggregate period exceeding thirty days in one calendar year.* A covered offender shall be eligible to petition the court in a civil proceeding for an order that the covered offender's registration requirements under this chapter be terminated, as provided in section 846E-10.

(Emphasis added.)

[7]     "Solicitation" is not defined in the Registration Statute or the Penal Code. However, "[t]he words of a law are generally to be understood in their most known and usual signification, without attending so much to the literal and strictly grammatical construction of the words as to their general or popular use or meaning." HRS § 1-14 (2009). Miriam-Webster defines solicitation as

(continued...)

fourteen years old to engage in sexual conduct;

    (C)    Use of a minor in a sexual performance;

    (D)    Production, distribution, or possession of child pornography chargeable as a felony under section 707-750, 707-751, or 707-752;

    (E)    Electronic enticement of a child chargeable under section 707-756 or 707-757 if the offense was committed with the intent to promote or facilitate the commission of another covered offense as defined in this section; or

    (F)    Solicitation of a minor for prostitution in violation of section 712-1209.1;

(4)    A violation of privacy under section 711-1110.9;

(5)    An act, as described in chapter 705, that is an attempt, criminal solicitation, or criminal conspiracy to commit one of the offenses designated in paragraphs (1) through (4);

(6)    A criminal offense that is comparable to or that exceeds a sexual offense as defined in paragraphs (1) through (5); or

(7)    **Any** federal, military, **out-of-state**, tribal, or foreign **conviction for any offense that under the laws of this State would be a sexual offense as defined in paragraphs (1) through (6).**

HRS § 846E-1 (emphases added). Under subsection (7), Doe's out-of-state conviction requires registration if the offense is "a

---

[7](...continued)

    1    : the practice or act or an instance of soliciting especially : entreaty, importunity
    2    : a moving or drawing force : incitement, allurement

https://www.merriam-webster.com/dictionary/solicitation and defines "solicit" as

transitive verb
    1    a    : to make petition to : entreat
        b    : to approach with a request or plea solicited Congress for funding

    2    : to urge (something, such as one's cause) strongly

    3    a    : to entice or lure especially into evil
        b    : to proposition (someone) especially as or in the character of a prostitute

    4    : to try to obtain by usually urgent requests or pleas solicited donations

intransitive verb
    1    : to make solicitation : importune
    2    of a prostitute : to offer to have sexual relations with someone for money

https://www.merriam-webster.com/dictionary/solicit.

sexual offense" as defined in paragraphs (1) through (6).

Thus, Doe's out-of-state conviction would qualify as a sexual offense under subsection (7) if the conviction was for a sexual offense as defined in the previous six subsections. Subsection (3)(B) provides that "an act that consists of solicitation of a minor who is less than fourteen years old to engage in sexual conduct" would constitute such a "sexual offense."

In support of his guilty plea, Doe provided the following "Statement of Facts":

> During the period between October 1, 2009 and October 31, 2009, on two separate occasions, I communicated with H.R.D. (DOB 4/16/1998), a person under 18 years of age, for an immoral purpose of a sexual nature. This occurred in King County Washington.

Based on the victim's date of birth and range of dates of the two crimes, the victim was eleven years old at the time of the offenses. We agree with the AG's determination that communicating with an eleven-year-old for an immoral purpose of a sexual nature falls within the plain language of the sexual offense definition in HRS § 846E-1.

In reaching this conclusion, we find it significant that the definition of sexual offense contained in subsection (3)(B), unlike some of the other subsections, does not rely on any other statutory provision for its meaning. Compare subsection (1), which designates certain crimes as "set forth" in certain enumerated sections, where subsection (3)(B) designates an "act that consists of" the conduct described in that subsection. Similarly, subsection (3)(C), includes "an act that consists of [the] use of a minor in a sexual performance" without reference to any crime defined outside of this definition. By its choice of language, the Legislature has made manifest its intention that the conduct sought to be covered by the Registration Statute is not limited to those out-of-state convictions whose statutory definitions mirror, element by element, a crime defined in the Penal Code.

Furthermore, we are convinced that the use of the word "solicitation" without limitation in subsection (3)(B), was meant in the more general sense and not necessarily confined to

6

"criminal solicitation" as specifically provided in subsection (5).

We therefore reject Doe's argument that the Washington statute under which he was convicted must "match up exactly" with a Hawai'i penal code provision for the Registration Statute to apply. As stated in HRS § 846E-1, the out-of-state conviction must be a "sexual offense as defined in paragraphs (1) through (6) of the definition of sexual offense contained in HRS § 846E-1, not the Penal Code.[8]

III.   Conclusion

For the foregoing reasons, we affirm the Final Judgment entered on April 7, 2016, by the Circuit Court of the First Circuit.

DATED:   Honolulu, Hawai'i, May 20, 2019.

On the briefs:

John Doe,
Appellant-Appellant, pro se.

Marissa H.I. Luning,
Deputy Attorney General,
for Appellee-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[8]      Our interpretation of subsection (3)(B) of the definition of sexual offense makes it unnecessary to address the applicability of subsection (3)(A).

7